"This case comes before the court on defendant’s motion for partial summary judgment to bar the prosecution of plaintiffs claim on the ground that plaintiff failed to file a timely administrative appeal from the forest supervisor’s decision.
"Plaintiff, Lakeview Lumber Products Company, was awarded a timber sales contract by the U. S. Department of Agriculture, Forest Service. The disputes clause of that contract, Standard Provision B9.2, provided that if the parties to the contract were unable to reach an agreement on a question of fact, the decision of the Forest Service was to prevail within the limitations of law, 41 U.S.C. §§ 321, 322 (1970), and was to be subject to the appellate regulations of the Secretary of Agriculture, 36 C.F.R. §§ 211.20 et seq. The applicable regulations provide that any person adversely affected by a forest supervisor’s decision relating to a dispute arising under the contract has 30 days *915 from receipt of that decision to file a written notice of appeal with the forest supervisor. 36 C.F.R. §§ 211.20(a), 211.21(a), 211.30(a).
"In the instant case a dispute arose under the plaintiffs timber sales contract due to a change in rock source from the Drum Hill Pit to Shoestring Pit. The plaintiff filed a claim for adjustment óf its contract with the Forest Service on November 4, 1974. Plaintiff claimed direct damages incurred by its subcontractor due to increased costs that resulted from having to disassemble the rock crushing equipment at the Drum Hill Pit, transport it to Shoestring Pit, and reassemble it there. Plaintiff also claimed indirect damages for the lost production incurred by its subcontractor during the time the crushing equipment was not usable due to the unsuitable conditions at Drum Hill Pit and due to the move to Shoestring Pit.
"On February 22, 1975, a preliminary meeting was held to discuss plaintiffs claim. At that meeting the Forest Service officials and the plaintiff seemed to agree that plaintiffs claim involved two separate types of claims which should be handled separately. Also, the forest supervisor seemed to have expressed doubt as to his own authority to rule on the claim for lost production.[1]
"On March 12, 1975, the forest supervisor granted plaintiffs claim for direct damages by issuing, with a transmittal letter, certain contract documents reflecting changes to the timber sales contract.[2] The transmittal letter was completely silent on plaintiffs claim for indirect damages arising from the lost production.[3] This silence coupled with the events which seemed to have transpired during the February 22, 1975, meeting led plaintiffs attorney to seek clarification of the March 12 decision. On March 21, 1975, plaintiffs attorney sent a letter to the Forest Service Regional Counsel seeking such clarification. The Forest Service Regional Counsel’s office responded on April 4, 1975, that the March 12, 1975, forest supervisor’s *916 decision was a complete decision on plaintiffs claim and appeal was available if the plaintiff was unsatisfied with the entire decision or any part thereof. The plaintiffs attorney filed a notice of appeal on April 25, 1975.
"In its motion for summary judgment, the defendant contends that the March 12, 1975, forest supervisor’s decision decided all the plaintiffs claims. Since plaintiff did not file a notice of appeal within 30 days of that decision, as required by the administrative regulations in effect, the forest supervisor’s decision has become final.
"A contracting officer’s decision must be final before it can be administratively appealed. Wittenmeier Machinery Co., ASBCA 2146, 6 CCF 61757 (1955). This court has stated that
* * * if the contracting officer’s decision is to be accorded finality it should be unequivocal and clear enough to apprise plaintiff of whether it was based on a question of fact or law so that plaintiff can reasonably determine whether an appeal is warranted. * * * [Ailied Contractors, Inc. v. United States, 129 Ct. Cl. 400, 407; 124 F. Supp. 366, 370 (1954).]
An ambiguous decision of a contracting officer need not be appealed, as it cannot be considered final. Id.; Mcbride, Wachtel, and Touhey, Government Contracts, § 6.80[7] (1976). Further, an appeal which raises issues or asserts claims which were not decided by the contracting officer must be dismissed as premature. Mcbride, Wachtel, and Touhey, Government Contracts, § 6.80[8] (1976).
"The forest supervisor’s letter of March 12, 1975, meets the requirements for finality in regard to plaintiffs claim for direct damages. It was completely silent as to plaintiffs claim for indirect damages arising from the lost production. This silence coupled with the events which seemed to have transpired at the February 22, 1975, meeting could quite naturally have left the plaintiff confused as to the status of the claim for indirect damages. The fact that plaintiff sought clarification of the March 12 letter on March 21 further indicates that the March 12, 1975, letter was not sufficiently clear on the claim for indirect damages to be a final decision. Therefore, plaintiff quite properly sought clarification of the status of the claim for indirect *917 damages. Upon receiving clarification on April 4, 1975, plaintiff did file final notice of appeal on April 25, 1975, well within 30 days required by the administrative regulations.
"Defendant further contends that, even if the forest supervisor’s decision of March 12, 1975, were not granted finality as to the claim for indirect damages until April 4, 1975, the notice of appeal filed on April 25, 1975, is invalid because attorney Netzorg was not authorized to file the appeal for the plaintiff. Defendant points to a May 1, 1975, letter from the plaintiff to Mr. Netzorg, rebuking him for filing the appeal, as clear proof of the lack of authorization. The forest supervisor also filed an affidavit stating that the plaintiff had informed him in a telephone conversation that no appeal would be taken from the March 12, 1975, decision.
"However, attorney Netzorg has filed an affidavit stating that at all times prior to May 1, 1975, he believed himself to be acting for both the plaintiff and the plaintiffs subcontractor in this case. Further, that on May 1, 1975, when he had reason to believe he did not have authority, he withdrew from the case and notified the parties of his withdrawal. There is no evidence that the appeal filed by attorney Netzorg prior to May 1, 1975, was ever renounced, by any of the parties he formerly represented, in a communication directly with the Forest Service.
"Because of the unclear nature of the events which transpired at the February 22, 1975, meeting, the apparent ambiguity in the March 12, 1975, forest supervisor’s decision as to the claim for indirect damages, and the dispute over the material issue of whether Mr. Netzorg was authorized to act for the plaintiff in filing the April 25, 1975, notice of appeal, we do not feel granting of the defendant’s motion would be appropriate in this case. Therefore,
"it is ordered that the defendant’s motion for partial summary judgment to bar the prosecution of plaintiffs claim be and is hereby denied and that the case is remanded to the trial division.”

 Affidavit of attorney Netzorg, p. 4.

 One of the contract documents was revised and reissued on March 18, 1975.

 See paragraph three of exhibit A, plaintiffs brief in opposition to the motion for summary judgment, proving that the silence was intentional on the part of the forest supervisor.